UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF NEW YORK
---

SETH D. HARRIS, Acting Secretary of Labor, :
United States Department of Labor,
: Civil Action No.
                      Plaintiff,
: 1:13-cv-00262-FJS-RFT
      v.
: ~~PROPOSED~~
SUNRISE ENTERPRISES 401(K) PROFIT     CONSENT ORDER
SHARING PLAN,
:
                      Defendant. :
---

**WHEREAS**, this action was filed by the Acting Secretary of Labor (the "Secretary") pursuant to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA" of the "Act"), 29 U.S.C. § 1001 *et seq.*, and by the authority vested in her by ERISA Section 502(a)(5), alleging that the Sunrise Enterprises 401(k) Profit Sharing Plan ("the Plan") was in violation of ERISA Sections 402 and 403; and

I.    The Plan was and is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), and was established to provide benefits to employees of the plan sponsor, Near-Rychcik, Inc.; and

II.    This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); venue of this action lies in the Northern District of New York pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2); this Court has personal jurisdiction over the Plan for all purposes relevant to this matter including the entry of this Order pursuant to ERISA Section 502(d)(1), 29 U.S.C. § 1132(d)(1); and

III.    The Secretary has duly made service on the Plan as required by the provisions of ERISA § 502(d)(1), 29 U.S.C. § 502 (d)(1); and

1

IV. The Plan and its authorized representative have now agreed to the appointment by this Court of an Independent Fiduciary; and

V. The Plan neither admits nor denies the violations alleged by the Secretary; and,

VI. The Plan is not an infant, incompetent, minor, or in military service; and,

VII. The Secretary and the Plan now present for approval and entry of this Consent Order providing for the appointment of an Independent Fiduciary by this Court, thereby resolving this case;

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. The *status quo* of the Plan shall be maintained pending an orderly transfer to the Independent Fiduciary.

2. The Court hereby appoints CORBCO, Inc. as the Independent Fiduciary of the Plan with authority to administer the Plan and, if necessary, implement its orderly termination. In performing his or her duties, the Independent Fiduciary shall have and exercise full authority and control with respect to the management or disposition of the assets of the Plan. The Independent Fiduciary shall collect, marshal, and administer all of the Plan's assets, evaluate all claims outstanding against it, and pay the assets out to participants and other creditors of the Plan; and take such further actions with respect to the Plan as may be appropriate.

3. The Independent Fiduciary shall have all powers to do the things that are necessary and appropriate to administer and terminate the Plan.

4. The Independent Fiduciary shall develop a plan for equitable adjudication and payment of outstanding participant claims for benefits. In developing this plan, the Independent Fiduciary shall consider the best interests of participants and beneficiaries of the Plan, and the resources expected to be available to the Plan. The Independent Fiduciary shall not be bound by

any current or historic procedures or policies of the Plan which conflict with his duties under ERISA.

5. The Independent Fiduciary is empowered to require any custodian of the Plan's records to deliver or otherwise make available to the Independent Fiduciary any information, documents, files or other compilations, wherever and however stored; that are reasonably necessary to perform the duties of Independent Fiduciary under this Order.

6. The Independent Fiduciary is empowered to give instructions to any custodian of the Plan's assets respecting the disposition of assets of the Plan.

7. The Independent Fiduciary shall distribute or cause the distribution of the assets of the Plan in accordance with applicable Plan documents and Federal law.

8. Upon completing such distribution, the Independent Fiduciary shall terminate the Plan in accordance with applicable plan documents, ERISA, and other applicable Federal law, 29 U.S.C. § 1001 et seq.

9. The Independent Fiduciary shall be subject to the orders of this Court. Within twenty days after the date of this Order, the Independent Fiduciary shall submit to this Court for approval his schedule of anticipated fees and expenses for this matter with copies of his or her submissions to be sent to all parties to this matter.

10. In the performance of his duties, the Independent Fiduciary may retain such assistance as he may reasonably require, including attorneys, accountants, actuaries and other service providers.

11. The payment of administrative expenses and fees to the Independent Fiduciary, his assistants, attorneys, accountants, actuaries and other necessary service providers shall be considered priority administrative expenses of the Plan superior to any other class of expense or

obligation. The Independent Fiduciary's second priority shall be the payment of legitimate claims on the Plan by its participants and beneficiaries.

12. The Independent Fiduciary shall not be held personally responsible for any claims against the Plan or which existed, arose, matured or vested prior to the appointment of the Independent Fiduciary.

13. Upon approval by this Court of the Independent Fiduciary's anticipated fees and expenses, this matter shall be deemed closed. However, the Independent Fiduciary may apply to the Court for clarification of this Order or enforcement of this Order's terms.

14. The Independent Fiduciary shall obtain a bond pursuant to ERISA § 412, 29 U.S.C. § 1112. Since the beneficiary of the bond is the Plan, the Plan may pay for the cost of the bond. This provision may be satisfied by the Independent Fiduciary securing coverage for himself or herself under any bond currently in force with respect to the Plan, provided that the bond satisfies the provisions of the Act.

15. Nothing in the foregoing Order shall be construed in derogation of the Court's authority over the Independent Fiduciary's actions.

DATE _April 29_, 2013
Schenectady, New York

| | |
|---|---|
| SUNRISE ENTERPRISES 401(K) PROFIT SHARING PLAN | M. PATRICIA SMITH<br>Solicitor of Labor |
| By: _Mitchell N_<br>MITCHELL NEAR<br>As Fiduciary | PATRICIA M. RODENHAUSEN<br>Regional Solicitor |
| Defendant | By: _Stacy M. Goldberg_<br>STACY M. GOLDBERG<br>Bar Roll #516402 |
| | U.S. Department of Labor<br>Attorneys for Plaintiff |

**IT IS SO ORDERED:**

SENIOR UNITED STATES DISTRICT JUDGE

Dated: May 16, 2013

5